Jason Barrat; AZ Bar No. 029086
Amanda Kuklinski; AZ Bar No. 035676
**ZOLDAN LAW GROUP, PLLC**
14500 N. Northsight Blvd., Suite 133
Scottsdale, AZ 85260
Tel & Fax: 480.442.3410
jbarrat@zoldangroup.com
akuklinski@zoldangroup.com

Attorneys for Plaintiff
Ryan Cooper

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Ryan Cooper**, a Montana resident,<br><br>Plaintiff,<br><br>v.<br><br>**Budget Baby, LLC**, an Arizona company; **Armored Roofing, LLC**, an Arizona company; **Anthony Younan**, an Arizona resident; **Alonso Popejoy-Shimchock**, an Arizona resident; and **Emily Schmidt**, an Arizona resident;<br><br>Defendants. | Case No.<br><br><br>**VERIFIED COMPLAINT**<br><br><br>**(Jury Trial Requested)** |

Plaintiff Ryan Cooper, for his Verified Complaint against Defendants Budget Baby, LLC, Armored Roofing, LLC, Anthony Younan, Alonso Popejoy-Shimchock, and Emily Schmidt, hereby alleges as follows:

## NATURE OF THE CASE

1.      Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage and overtime in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**"); A.R.S. §§ 23-362 - 23-364 ("**Arizona Minimum Wage Statute**"); and failure to make timely payment of wages under A.R.S. §§ 23-351, 23-353,

and 23-355 ("**Arizona Wage Statute**").

2.      Plaintiff also brings this action against Defendants for their unlawful termination of Plaintiff in violation of the anti-retaliation provision of the FLSA, 29 U.S.C. § 215(a)(3), and the anti-retaliation provision of the Arizona Wage Statute, A.R.S. § 23-364(B).

3.      This action is also brought to recover overtime and minimum wage compensation, liquidated damages, and statutory penalties resulting from Defendants' violations of the FLSA and Arizona Minimum Wage Statute.

4.      This action is also brought to recover unpaid wages, treble damages, and statutory penalties resulting from Defendants' violations of the Arizona Wage Statute.

5.      This action is also brought it recover lost wages, liquidated damages, statutory penalties, compensatory damages, and punitive damages resulting from Defendants' violations of the FLSA and Arizona Wage Statute's anti-retaliation provisions.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

7.      Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona.

8.      Plaintiff was employed by Defendants in this District.

## PARTIES

9.      Plaintiff is currently a resident of Montana.

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd., Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – info@zoldangroup.com

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd., Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – info@zoldangroup.com

10.     At all relevant times to the matters alleged herein until May 5, 2020, Plaintiff resided in the District of Arizona.

11.     Plaintiff was a full-time employee for Defendants from on or around March 6, 2018 until on or around May 27, 2021.

12.     At all relevant times, Plaintiff was an employee of Defendants as defined by 29 U.S.C. § 203(e)(1).

13.     At all relevant times, Plaintiff was an employee of Defendants as defined by A.R.S. § 23-362(A).

14.     At all relevant times, Plaintiff was an employee of Defendants as defined by A.R.S. § 23-350(2).

15.     Defendant Budget Baby, LLC is a company authorized to do business in Arizona.

16.     Defendant Budget Baby, LLC was Plaintiff's employer as defined by 29 U.S.C. § 203(d).

17.     Defendant Budget Baby, LLC was Plaintiff's employer as defined by A.R.S. § 23-362(B).

18.     Defendant Budget Baby, LLC was Plaintiff's employer as defined by A.R.S. § 23-350(3).

19.     Defendant Armored Roofing, LLC is a company authorized to do business in Arizona.

20.     Defendant Armored Roofing, LLC was Plaintiff's employer as defined by 29 U.S.C. § 203(d).

21.     Defendant Armored Roofing, LLC was Plaintiff's employer as defined by

A.R.S. § 23-362(B).

22.     Defendant Armored Roofing, LLC was Plaintiff's employer as defined by A.R.S. § 23-350(3).

23.     At all relevant times, Defendants were horizontal joint employers of Plaintiff.

24.     At all relevant times: (1) Defendants were not completely disassociated with respect to the employment of Plaintiff; and (2) Defendants were under common control.

25.     Budget Baby, LLC and Armored Roofing, LLC are under common control of Defendants Anthony Younan and Alonso Popejoy-Shimchock.

26.     At all relevant times, Defendants were joint employers under the FLSA and 29 C.F.R. § 791.2(b) and employed Plaintiff.

27.     In addition, at all relevant times, Defendants were vertical joint employers of Plaintiff, as defined by *Torres-Lopez v. May*, 111 F.3d 633, 640 (9th Cir. 1997).

28.     Budget Baby, LLC and Armored Roofing, LLC are both owned by Defendants Anthony Younan and Alonso Popejoy-Shimchock.

29.     The Arizona Corporation Commission lists Defendants Anthony Younan and Alonso Popejoy-Shimchock as principals for both Budget Baby, LLC and Armored Roofing, LLC.

30.     Defendants Anthony Younan and Alonso Popejoy-Shimchock were supervisors for both entities.

31.     Budget Baby, LLC and Armored Roofing, LLC have common employees.

32.     Plaintiff was a common employee of Budget Baby, LLC and Armored Roofing, LLC.

33.     Budget Baby, LLC and Armored Roofing, LLC had a common location; they

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd., Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – info@zoldangroup.com

shared an office located in Budget Baby, LLC's retail store.

34.    Upon information and belief, Armored Roofing, LLC paid the wages of Budget Baby, LLC's employees.

35.    At all times relevant hereto, Plaintiff was exclusively paid by Armored Roofing, LLC.

36.    During each year for which Plaintiff worked for Budget Baby, LLC, from 2018 through 2020, he received a 1099 from Armored Roofing, LLC for his wages.

37.    Budget Baby, LLC and Armored Roofing, LLC both list Anthony Younan as their statutory agent with the Arizona Corporation Commission.

38.    Budget Baby, LLC and Armored Roofing, LLC both list 7926 West Mescal Street, Peoria, Arizona as their business address with the Arizona Corporation Commission.

39.    Upon information and belief, Armored Roofing, LLC paid the rent for the retail and office spaces of Budget Baby, LLC.

40.    Upon information and belief, the owners of Budget Baby, LLC and Armored Roofing, LLC regularly moved money between the two entities as necessary to pay expenses and for their own personal use.

41.    Defendant Anthony Younan ("Younan") is an Arizona resident.

42.    Defendant Alonso Popejoy-Shimchock ("Popejoy-Shimchock") is an Arizona resident.

43.    Defendant Younan has directly caused events to take place giving rise to this action.

44.    Defendant Popejoy-Shimchock has directly caused events to take place

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd., Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – info@zoldangroup.com

giving rise to this action.

45.     Defendant Emily Schmidt is an Arizona resident.

46.     Throughout Plaintiff's employment with Defendants, Defendant Popejoy-Shimchock and Defendant Emily Schmidt were legally married.

47.     Under the principle of marital community property, all actions taken by one individual is imputed on the marital community property.

48.     Defendant Popejoy-Shimchock has caused events to take place giving rise to this action as to which the marital community property of Defendant Popejoy-Shimchock and Defendant Schmidt is fully liable.

49.     At all times, Defendants Anthony Younan ("Younan") and Alonso Popejoy-Shimchock ("Popejoy-Shimchock") owned Budget Baby, LLC.

50.     At all times, Defendants Anthony Younan ("Younan") and Alonso Popejoy-Shimchock ("Popejoy-Shimchock") owned Armored Roofing, LLC.

51.     At all relevant times, Defendant Younan was a manager of Budget Baby, LLC.

52.     At all relevant times, Defendant Popejoy-Shimchock was a manager of Budget Baby, LLC.

53.     At all relevant times, Defendant Younan was a manager of Armored Roofing, LLC.

54.     At all relevant times, Defendant Popejoy-Shimchock was a manager of Armored Roofing, LLC.

55.     Defendant Younan has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

56.     Defendant Popejoy-Shimchock has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

57.     Defendant Younan has been at all relevant times Plaintiff's employer as defined by A.R.S. § 23-362(A).

58.     Defendant Popejoy-Shimchock has been at all relevant times Plaintiff's employer as defined by A.R.S. § 23-362(A).

59.     Defendant Younan has been at all relevant times Plaintiff's employer as defined by A.R.S. § 23-350(3).

60.     Defendant Popejoy-Shimchock has been at all relevant times Plaintiff's employer as defined by A.R.S. § 23-350(3).

61.     The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.

62.     Defendant Younan had the authority to hire and fire Plaintiff.

63.     Defendant Popejoy-Shimchock had the authority to hire and fire Plaintiff.

64.     Defendant Popejoy-Shimchock hired Plaintiff.

65.     Defendant Popejoy-Shimchock fired Plaintiff.

66.     Defendant Younan supervised and controlled Budget Baby, LLC employees' work schedules and/or the conditions of their employment.

67.     Defendant Popejoy-Shimchock supervised and controlled Budget Baby, LLC employees' work schedules and/or the conditions of their employment.

68.     Defendants Younan and Popejoy-Shimchock set the business hours of Budget Baby, LLC and therefore the hours it must be staffed.

69.     Defendant Younan supervised and controlled Armored Roofing, LLC

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd., Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – info@zoldangroup.com

employees' work schedules and/or the conditions of their employment.

70. Defendant Popejoy-Shimchock supervised and controlled Armored Roofing, LLC employees' work schedules and/or the conditions of their employment.

71. Defendants Younan and Popejoy-Shimchock set the business hours of Armored Roofing, LLC and therefore the hours it must be staffed.

72. Defendant Younan determined the rate and method of employees' payment of wages.

73. Defendant Popejoy-Shimchock determined the rate and method of employees' payment of wages.

74. Defendants Younan and Popejoy-Shimchock determined the rate and method of Plaintiff's payment of wages.

75. As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Defendant Younan is subject to individual and personal liability under the FLSA.

76. As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Defendant Popejoy-Shimchock is subject to individual and personal liability under the FLSA.

77. Plaintiff further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

78. Defendants, and each of them, are sued in both their individual and corporate capacities.

79. Defendants are jointly and severally liable for the injuries and damages

sustained by Plaintiff.

80.    Plaintiff has a reasonable good faith belief that in his work for Defendants, he was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2018.

81.    Plaintiff has a reasonable good faith belief that in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2019.

82.    Plaintiff has a reasonable good faith belief that in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2020.

83.    Plaintiff has a reasonable good faith belief that in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2021.

84.    At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

85.    Plaintiff, in his work for Defendants, regularly used the internet, including to purchase inventory in interstate commerce.

86.    Plaintiff, in his work for Defendants, regularly used the telephone.

87.    Plaintiff, in his work for Defendants, regularly used telecommunications to communicate with Defendants' customers.

88.    At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

89.    Plaintiff, in his work for Defendants, regularly handled goods produced and

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd., Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – info@zoldangroup.com

transported in interstate commerce.

90.    Plaintiff is a covered employee under the FLSA under individual coverage.

91.    Plaintiff is a covered employee under the FLSA under enterprise coverage.

## **FACTUAL ALLEGATIONS**

92.    Budget Baby, LLC is a children's resale store location in Peoria, Arizona.

93.    Armored Roofing, LLC is a roofing company located in Peoria, Arizona.

94.    On or around March 6, 2018, Plaintiff commenced employment with Defendants.

95.    From March 6, 2018, until March 2020, Budget Baby, LLC and Armored Roofing, LLC were joint employers of Plaintiff.

96.    In March 2020, Budget Baby, LLC closed and Plaintiff began working exclusively for Armored Roofing, LLC.

97.    Throughout his employment, between Budget Baby, LLC and Armored Roofing, LLC, Plaintiff estimates he worked an average of twelve hours per day seven days per week, for a total of 84 hours per week.

98.    From March 6, 2018, until March 2020, Plaintiff estimates he worked, on average, ten hours per day for Budget Baby, LLC and two hours per day for Armored Roofing, LLC.

99.    Plaintiff's primary job duties for Budget Baby, LLC included maintenance, cleaning, stocking, and assisting customers.

100.    Plaintiff and one other employee were responsible for manning the store for its 64 open hours per week in addition to after-hours work such as stocking.

101.    Plaintiff's primary job duties for Armored Roofing included overseeing

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd., Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – info@zoldangroup.com

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd., Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – info@zoldangroup.com

operations, drafting estimates, soliciting customers, and communicating with clients or potential clients.

102.   At the beginning of Plaintiff's employment, he and Defendants agreed to an hourly wage of $15 per hour.

103.   From on or around March 6, 2018, through March 2020, Defendants did not pay Plaintiff a regular rate of pay.

104.   Rather, Defendants paid him on an ad hoc basis; some weeks he would receive no pay at all.

105.   This payment was made under the table and was not run through payroll.

106.   Rather, Defendants improperly claimed Plaintiff was an independent contractor.

107.   Plaintiff's work was an integral part of Budget Baby LLC's business.

108.   Plaintiff's work was an integral part of Armored Roofing, LLC's business.

109.   Defendants exercised control over all aspects of Plaintiff's work at Budget Baby, including designating store hours and determining which products to buy and sell.

110.   Defendants exercised control over all aspects of Plaintiff's work at Armored Roofing, LLC, including when and how to solicit customers and approving estimates.

111.   Plaintiff was not hired to work for both Budget Baby, LLC and Armored Roofing, LLC on a specific project or for a definite period of time; his employment relationship was expected to be indefinite and ongoing.

112.   Plaintiff did not purchase any equipment for performing his job at either Budget Baby, LLC or Armored Roofing, LLC.

113.   Plaintiff had no opportunity for profit or loss with either Budget Baby, LLC

or Armored Roofing, LLC; he did not share in any profits and his wages were based on the hours he worked.

114.    Plaintiff did not purchase any equipment necessary for performing his jobs at Budget Baby, LLC and Armored Roofing, LLC.

115.    Following the liquidation of Budget Baby, LLC in or around March 2020, Plaintiff began working exclusively for Armored Roofing, LLC.

116.    Plaintiff continued to work an average of twelve hours per day seven days per week, for a total of 84 hours per week.

117.    Plaintiff's rate of pay did not change at this time.

118.    On or around May 5, 2020, Plaintiff moved to Montana to begin work for Armored Roofing, LLC's Montana location.

119.    Beginning on or around June 1, 2020, Armored Roofing, LLC paid Plaintiff a regularly weekly salary.

120.    Throughout Plaintiff's employment with both Budget Baby, LLC and Armored Roofing, LLC, he frequently complained about his unpaid wages, his independent contractor status, and his subsequent denial of overtime pay.

121.    On approximately four occasions during Plaintiff's employment, Popejoy-Shimchock threatened to terminate Plaintiff's employment if he continued to complain about his wages and his independent contractor status.

122.    In December 2019, Defendants agreed to classify Plaintiff as an employee of Armored Roofing, LLC beginning in 2020 with a salary of $43,700 per year.

123.    Despite this agreement, Defendants continued to pay Plaintiff on an irregular, ad hoc basis until June 1, 2020, at which time it began to pay him his agreed-upon wage of

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd., Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – info@zoldangroup.com

$43,700 per year.

124.     In January 2021, Plaintiff received both a W-2 and a 1099 from Armored Roofing, LLC.

125.     On or about May 9, 2021, Plaintiff spoke with operations manager Leilani Sales ("Sales") and asked if the company had issued a 1099 by mistake, as he understood he was a salaried employee in 2020.

126.     Sales informed Plaintiff that the company had continued to classify him as an independent contractor until June 1, 2020.

127.     In this May 9, 2021 phone call with Sales, Plaintiff complained about his wages throughout his employment, including his improper classification as an independent contractor, Defendants failure to pay him a regular wage throughout his employment, and Defendants' failure to pay him overtime wages.

128.     Sales told Plaintiff if he "had a problem" with being classified as an independent contractor, he could quit.

129.     On or about May 27, 2021, Plaintiff received a phone call from Popejoy-Shimchock terminating his employment.

130.     Popejoy-Shimchock provided no reason for Plaintiff's termination.

131.     In 2018, Defendants paid Plaintiff a total of $16,460, for an average of $382.79 per week.

132.     Therefore, Defendants paid Plaintiff an average of $3.77 per hour in 2018 based on an 84 hour workweek, below both state and federal minimum wage and without overtime premium of one and one-half times his regular hourly rate.

133.     This is an average of Plaintiff's hourly pay in 2018; in many weeks he

received no wages at all, therefore receiving $0.00 per hour, below state and federal minimum wage and without overtime premium of one and one-half times his regular hourly rate.

134. In 2019, Defendants paid Plaintiff a total of $28,490, for an average of $537.88 per week.

135. Therefore, Defendants paid Plaintiff an average of $6.52 per hour in 2019 based on an 84 hour workweek, below both state and federal minimum wage and without overtime premium of one and one-half times his regular hourly rate.

136. This is an average of Plaintiff's hourly pay in 2019; in many weeks he received no wages at all, therefore receiving $0.00 per hour, below state and federal minimum wage and without overtime premium of one and one-half times his regular hourly rate.

137. From January 1, 2020 through May 31, 2020, Defendants paid Plaintiff $14,450, for an average of $669.91 per week.

138. Therefore, Defendants paid Plaintiff an average of $7.98 per hour from January 1, 2020 through May 31, 2020 based on an 84 hour workweek, below state minimum wage and without overtime premium of one and one-half times his regular hourly rate.

139. This is an average of Plaintiff's hourly pay from January 1, 2020 through May 31, 2020; in many weeks he received no wages at all, therefore receiving $0.00 per hour, below state and federal minimum wage and without overtime premium of one and one-half times his regular hourly rate.

140. From March 6, 2018 through May 31, 2020, Defendants failed to properly

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd., Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – info@zoldangroup.com

compensate Plaintiff for all his overtime hours and regular wages worked for Budget Baby, LLC and Armored Roofing, LLC.

141.    Plaintiff routinely worked in excess of 40 hours per week and was not provided with the required one and one-half times pay premium as required by the FLSA for all his worked overtime hours.

142.    At all relevant times during Plaintiff's employment, Defendants failed to properly compensate Plaintiff for all his overtime hours.

143.    Defendants were aware that Plaintiff's working hours routinely exceeded 40 hours and required him to work overtime as a condition of his employment.

144.    Defendants refused and/or failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

145.    Defendants failed to post and keep posted in a conspicuous place the required poster / notice explaining their employee's rights under the FLSA pursuant to 29 C.F.R. § 516.4.

146.    Defendants' failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA were willful.

### COUNT I
### (FAILURE TO PAY MINIMUM WAGE – FLSA – 29 U.S.C. § 206)

147.    Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

148.    At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

149.    Plaintiff was an employee entitled to the statutorily mandated minimum wage.

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd., Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – info@zoldangroup.com

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd., Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – info@zoldangroup.com

150.   On many occasions during Plaintiff's employment, Defendants failed to pay him any wages and therefore failed to pay him minimum wage during these time periods.

151.   Defendants have intentionally failed and/or refused to pay Plaintiff minimum wage according to the provisions of the FLSA.

152.   As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving full compensation in accordance with 29 U.S.C. § 206.

153.   In addition to the amount of unpaid minimum wages owed to Plaintiff, he is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

154.   Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful.

155.   Defendants knew Plaintiff was not being compensated full minimum wages for time worked.

156.   Defendants knew their failure to pay minimum wage was a violation of the FLSA.

157.   Defendants have not made a good faith effort to comply with the FLSA.

158.   Plaintiffs are also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

### COUNT II
### (FAILURE TO PAY OVERTIME WAGES – FLSA – 29 U.S.C. § 207)

159.   Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

160.   At all relevant times, Plaintiff has been employed by Defendants within the meaning of the FLSA.

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd., Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – info@zoldangroup.com

161.   Plaintiff is an employee entitled to the statutorily mandated overtime wages.

162.   Defendants have intentionally failed and/or refused to pay Plaintiff overtime wages according to the provisions of the FLSA.

163.   As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving compensation in accordance with 29 U.S.C.§ 207.

164.   In addition to the amount of unpaid overtime wages owed to Plaintiff, he is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

165.   Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful.

166.   Defendants knew Plaintiff was not being compensated overtime for time worked in excess of 40 hours in a given workweek from on or around March 6, 2018 through May 31, 2020 and failed to pay proper overtime wages.

167.   Defendants knew their failure to pay overtime wages was a violation of the FLSA.

168.   Defendants have not made a good faith effort to comply with the FLSA.

169.   Plaintiff is also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

## COUNT III
## (FAILURE TO PAY MINIMUM WAGE – ARIZONA MINIMUM WAGE STATUTE)

170.   Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

171.   At all relevant times, Plaintiff was employed by Defendants within the

meaning of the Arizona Minimum Wage Statute.

172.    Defendants intentionally failed and/or refused to pay Plaintiff full minimum wages according to the provisions of the Arizona Minimum Wage Statute.

173.    In addition to the amount of unpaid minimum wage owed to Plaintiff, he is entitled to recover an additional amount equal to twice the underpaid wages and interest pursuant to A.R.S. § 23-364(g).

174.    Plaintiff is also entitled to an award of attorneys' fees and costs pursuant to A.R.S. § 23-364(g).

## COUNT IV
## (FAILURE TO TIMELY PAY WAGES DUE – ARIZONA WAGE STATUE)

175.    Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

176.    At all relevant times, Plaintiff has been employed by Defendants within the meaning of the Arizona Wage Statute.

177.    Defendants were aware of their obligation to pay timely wages pursuant to A.R.S. § 23-351.

178.    Defendants were aware that, under A.R.S. § 23-351, they were obligated to pay all wages due to Plaintiff.

179.    Defendants failed to timely pay Plaintiff his wages due without a good faith basis for withholding the wages.

180.    Defendants have willfully failed and refused to timely pay wages due to Plaintiff. As a result of Defendants' unlawful acts, Plaintiff is entitled to the statutory remedies provided pursuant to A.R.S. § 23-355.

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd., Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – info@zoldangroup.com

ZOLDAN LAW GROUP, PLLC

14500 N. Northsight Blvd., Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – info@zoldangroup.com

## COUNT V
## (FLSA RETALIATION)

181.   Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

182.   In response to Plaintiff's complaint regarding his unpaid wages, including overtime wages, Defendants terminated Plaintiff.

183.   Defendants engaged in such retaliatory actions against Plaintiff because Plaintiff repeatedly complained about unpaid wages, including unpaid overtime pay at one and one half times his regular hourly rate.

184.   As a result of Defendants' conduct, Defendants violated 29 U.S.C. § 215(a)(3).

185.   Plaintiff is therefore entitled to compensatory, liquidated, and punitive damages.

## COUNT VI
## (RETALIATION – ARIZONA MINIMUM WAGE STATUTE)

186.   Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

187.   In response to Plaintiff inquiring about his unpaid wages, Defendants terminated Plaintiff.

188.   Defendants engaged in such retaliatory actions against Plaintiff because Plaintiff repeatedly complained about his unpaid wages.

189.   Pursuant to A.R.S. § 23-364(B), taking adverse action against a person within ninety days of a person's engaging in the foregoing activities shall raise a presumption that such action was retaliation, which may be rebutted by clear and

convincing evidence that such action was taken for other permissible reasons.

190.   As a result of Defendants' conduct, Plaintiff is entitled to an amount set by the court that is sufficient to compensate the employee and deter future violations, but not less than one hundred fifty dollars for each day that the violation continued or until legal judgment is final; reimbursement of lost wages and interest; reasonable attorneys' fees and costs of suit; and other appropriate legal and/or equitable relief.

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays:

A.   For the Court to declare and find that the Defendants committed the following acts:

   i.   violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

   ii.   violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

   iii. violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

   iv. violated A.R.S. § 23-351 by failing to timely pay wages due to Plaintiff;

   v.   violated 29 U.S.C. § 215(a)(3) by unlawfully terminating Plaintiff and;

   vi. violated A.R.S. § 23-364(g) by unlawfully terminating Plaintiff;

B.   For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b) and/or treble damages pursuant to A.R.S. § 23-355.

C.   For the Court to award punitive damages pursuant to 29 U.S.C. § 215(a)(3)

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd., Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – info@zoldangroup.com

ZOLDAN LAW GROUP, PLLC

14500 N. Northsight Blvd., Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – info@zoldangroup.com

and 29 U.S.C. § 216(b) and/or statutory damages pursuant to A.R.S. § 23-364(G), to be determined at trial;

D. For the Court to award backpay, including liquidated damages pursuant to 29 U.S.C. § 216(b) and A.R.S. § 23-364(g) and/or punitive damages pursuant to A.R.S. § 23-364(g), 29 U.S.C. § 215(a)(3) and 29 U.S.C. § 216(b), to be determined at trial;

E. For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

F. For the Court to award Plaintiff reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) and A.R.S. § 23-364(g) and all other causes of action set forth herein;

G. For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED July 1, 2021.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Amanda Kuklinski
14500 N. Northsight Blvd. Suite 133
Scottsdale, AZ 85260
Attorneys for Plaintiff Ryan Cooper

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd., Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – info@zoldangroup.com

## **<u>VERIFICATION</u>**

Plaintiff Ryan Cooper declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof.   The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and belief, and as to those matters, he believes them to be true.

_____

Ryan Cooper